IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ECLIPSE IP, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | C.A. No. 13-1369-SLR |
| v. | ) | |
| | ) | |
| L. L. BEAN, INC., | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |

**L. L. BEAN'S ANSWER TO PLAINTIFF'S**
**COMPLAINT, COUNTERCLAIMS, AND JURY DEMAND**

Defendant L. L. Bean, Inc. ("L. L. Bean") submits the following answer, counterclaims, and jury demand in response to the Complaint ("complaint") of Plaintiff Eclipse IP, LLC ("Eclipse" or "Plaintiff").

**ANSWER**

1. L. L. Bean lacks knowledge sufficient to confirm or deny the allegations in paragraph 1 of the complaint, and therefore denies the same.

2. L. L. Bean admits the allegations in paragraph 2 of the complaint.

3. L. L. Bean admits the allegations in paragraph 3 of the complaint.

4. Paragraph 4 states a legal conclusion to which no response is required. To the extent this paragraph states factual allegations requiring a response, L. L. Bean denies the same, and affirmatively states it is not engaged in any patent infringement.

5. L. L. Bean admits that this Court has subject matter jurisdiction over this matter.

6. L. L. Bean denies the allegations in paragraph 6 of the complaint.

7. L. L. Bean denies the allegations in paragraph 7 of the complaint, and affirmatively states it is not engaged in any patent infringement.

8. L. L. Bean admits that what purports to be a copy of U.S. Patent No. 7,319,414 (the "'414 patent") is attached as Exhibit A to the complaint. L. L. Bean denies that the '414 patent is valid or enforceable or was properly issued. L. L. Bean lacks knowledge sufficient to confirm or deny any remaining allegations in paragraph 8 of the complaint, and therefore denies the same.

9. L. L. Bean admits that what purports to be a copy of U.S. Patent No. 7,119,716 (the "'716 patent") is attached as Exhibit B to the complaint. L. L. Bean denies that the '716 patent is valid or enforceable or was properly issued. L. L. Bean lacks knowledge sufficient to confirm or deny any remaining allegations in paragraph 9 of the complaint, and therefore denies the same.

10. L. L. Bean admits that what purports to be a copy of U.S. Patent No. 7,479,899 (the "'899 patent") is attached as Exhibit C to the complaint. L. L. Bean denies that the '899 patent is valid or enforceable or was properly issued. L. L. Bean lacks knowledge sufficient to confirm or deny any remaining allegations in paragraph 10 of the complaint, and therefore denies the same.

11. Paragraph 11 states a legal conclusion to which no response is required. To the extent this paragraph states factual allegations requiring a response, L. L. Bean denies the same.

12. The allegations set forth in the foregoing paragraphs 1 through 11 are hereby re–alleged and incorporated by reference.

13. L. L. Bean denies the allegations in paragraph 13 of the complaint.

14. L. L. Bean denies the allegations in paragraph 14 of the complaint.

15. L. L. Bean admits that it received a letter from Eclipse dated May 9, 2013, but denies that such letter alleged infringement of the ’414 patent, and denies the remaining allegations in paragraph 15.

16. L. L. Bean admits that it received a letter from Eclipse dated May 9, 2013, but denies that such letter alleged infringement of the ’414 patent, and denies the remaining allegations in paragraph 16.

17. L. L. Bean admits that it received a letter from Eclipse dated May 9, 2013, but denies that such letter alleged infringement of the ’414 patent, and denies the remaining allegations in paragraph 17.

18. L. L. Bean denies the allegations in paragraph 18 of the complaint.

19. The allegations set forth in the foregoing paragraphs 1 through 18 are hereby re–alleged and incorporated by reference.

20. L. L. Bean denies the allegations in paragraph 20 of the complaint.

21. L. L. Bean denies the allegations in paragraph 21 of the complaint.

22. L. L. Bean admits that it received a letter from Eclipse dated May 9, 2013, alleging infringement of the ’716 patent, but denies any patent infringement and denies any remaining allegations in paragraph 22.

23. L. L. Bean admits that it received a letter from Eclipse dated May 9, 2013, alleging infringement of the ’716 patent, but denies any patent infringement and denies any remaining allegations in paragraph 23.

24. L. L. Bean admits that it received a letter from Eclipse dated May 9, 2013, alleging infringement of the ’716 patent, but denies any patent infringement and denies any remaining allegations in paragraph 24.

25. L. L. Bean denies the allegations in paragraph 25 of the complaint.

26. The allegations set forth in the foregoing paragraphs 1 through 25 are hereby re–alleged and incorporated by reference.

27. L. L. Bean denies the allegations in paragraph 27 of the complaint.

28. L. L. Bean denies the allegations in paragraph 28 of the complaint.

29. L. L. Bean admits that it received a letter from Eclipse dated May 9, 2013, alleging infringement of the ’899 patent, but denies any patent infringement and denies any remaining allegations in paragraph 29.

30. L. L. Bean admits that it received a letter from Eclipse dated May 9, 2013, alleging infringement of the ’899 patent, but denies any patent infringement and denies any remaining allegations in paragraph 30.

31. L. L. Bean admits that it received a letter from Eclipse dated May 9, 2013, alleging infringement of the ’899 patent, but denies any patent infringement and denies any remaining allegations in paragraph 31.

32. L. L. Bean denies the allegations in paragraph 32 of the complaint.

## GENERAL DENIAL

33. L. L. Bean denies any allegations not specifically admitted above, and requests that the Court deny all relief to Plaintiff, including that requested by Plaintiff in its Prayer for Relief.

## AFFIRMATIVE DEFENSES

L. L. Bean reserves the right to amend its Answer to assert additional affirmative defenses, consistent with the facts discovered in this case.

## FIRST AFFIRMATIVE DEFENSE

34. The complaint fails to state a claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

35. L. L. Bean does not infringe and has not infringed any claim of the patents–in–suit under any theory (including directly, whether individually or jointly, or indirectly, whether contributorily or by inducement, or literally or under the doctrine of equivalents).

## THIRD AFFIRMATIVE DEFENSE

36. Without conceding that L. L. Bean performs any step of any claim of the patents–in–suit, L. L. Bean has not infringed and is not infringing the patents–in–suit; nor has it assisted or supported another's infringement of any claim of the patents–in–suit. Further, L. L. Bean does not control or direct any third party's performance of one or more required steps, elements and/or limitations of one or more claims of the patents–in–suit; nor does it induce any third party or entity to perform one or more required steps, elements and/or limitations of one or more claims of the patents–in–suit.

## FOURTH AFFIRMATIVE DEFENSE

37. Some or all of the claims of the patents–in–suit are invalid and unenforceable under the patent laws, including without limitation 35 U.S.C. §§ 101–103, and 112.

## FIFTH AFFIRMATIVE DEFENSE

38. Any claim by Plaintiff for damages for patent infringement is limited by 35 U.S.C. § 286 to those damages incurred within the six years before the filing of the complaint through the end of the life of the patents–in–suit.

## SIXTH AFFIRMATIVE DEFENSE

39. To the extent that Plaintiff, and alleged predecessors–in–interest to the patents–in–suit, failed to properly mark any of their relevant products as required by 35 U.S.C. § 287 or otherwise give proper notice that L. L. Bean's actions allegedly infringed the patents–in–suit, L.

L. Bean is not liable to Plaintiff for the acts alleged to have been performed before it received actual notice that it was allegedly infringing the patents–in–suit.

## SEVENTH AFFIRMATIVE DEFENSE

40. Plaintiff's attempted enforcement of the patents–in–suit against L. L. Bean is barred by one or more of the doctrines of estoppel, laches, acquiescence, and/or unclean hands.

## EIGHTH AFFIRMATIVE DEFENSE

41. Plaintiff's attempted enforcement of the patents–in–suit against L. L. Bean is barred by one or more of the doctrines of prosecution history estoppel.

## NINTH AFFIRMATIVE DEFENSE

42. Plaintiff has failed to name one or more necessary parties to this action.

## TENTH AFFIRMATIVE DEFENSE

43. Venue is improper in this court.

## COUNTERCLAIMS

For its counterclaims, L. L. Bean complains and alleges against Plaintiff as follows:

## INTRODUCTION

44. By its counterclaims, L. L. Bean seeks a declaration that it has not infringed U.S. Patent Nos. 7,319,414 (the "'414 patent"), 7,119,716 (the "'716 patent"), and 7,479,899 (the "'899 patent") (collectively, the "patents–in–suit") and that the patents–in–suit are invalid.

## PARTIES

45. L. L. Bean is a Maine corporation with a principal place of business at 15 Casco Street, Freeport, Maine.

46. On information and belief, Plaintiff Eclipse is a Florida limited liability company organized with its place of business at 115 NW 17th Street, Delray Beach, FL 33444.

## JURISDICTION

47. L. L. Bean's counterclaims arise under the Federal Declaratory Judgments Act, 28 U.S.C. §§ 2201, 2202 and the patent laws of the United States of America, 35 U.S.C. § 1, *et seq*., and this Court has jurisdiction under 28 U.S.C. §§ 1331 and 1338.

48. If venue is proper over the action filed by Plaintiff, then venue over these counterclaims is also proper in this District pursuant to at least 28 U.S.C. §§ 1391 and 1400.

## THE PATENTS

49. On information and belief, Plaintiff claims to be the current owner of all rights, interest, and title in the patents–in–suit.

## EXISTENCE OF AN ACTUAL CONTROVERSY

50. On July 31, 2013, Plaintiff filed suit in this Court alleging that L. L. Bean infringes the patents–in–suit.

51. L. L. Bean disputes the validity of the patents–in–suit, and denies that it has infringed the patents–in–suit literally or under the doctrine of equivalents, or induced or contributed to their infringement, or is currently doing so.

52. Accordingly, there is a substantial and actual controversy between L. L. Bean and Plaintiff over whether the patents–in–suit are valid and enforceable, and, if they are valid and enforceable, whether L. L. Bean has infringed, or is infringing, the patents–in–suit.

53. There exists a clear and serious threat to L. L. Bean's business so long as this controversy remains unresolved.

## FIRST COUNTERCLAIM
## [Declaration of Non–Infringement of the '414 Patent]

54. L. L. Bean repeats the allegations of the preceding paragraphs as if set forth in this paragraph.

55. Plaintiff has asserted that L. L. Bean has infringed, or is infringing, the ’414 patent.

56. L. L. Bean denies that it has infringed, or is infringing, the ’414 patent.

57. L. L. Bean requests a judicial declaration that it neither has infringed, nor is infringing, the ’414 patent.

**SECOND COUNTERCLAIM**
**[Declaration of Invalidity of the ’414 Patent]**

58. L. L. Bean repeats the allegations of the preceding paragraphs as if set forth in this paragraph.

59. L. L. Bean asserts that the claims of the ’414 patent are invalid and unenforceable under one or more sections of the patent laws, including, without limitation, 35 U.S.C. §§ 101–103 and/or 112.

60. On information and belief, Plaintiff asserts that the claims of the ’414 patent are valid and enforceable.

61. L. L. Bean requests a judicial declaration that the claims of the ’414 patent are invalid and unenforceable.

**THIRD COUNTERCLAIM**
**[Declaration of Non–Infringement of the ’716 Patent]**

62. L. L. Bean repeats the allegations of the preceding paragraphs as if set forth in this paragraph.

63. Plaintiff has asserted that L. L. Bean has infringed, or is infringing, the ’716 patent.

64. L. L. Bean denies that it has infringed, or is infringing, the ’716 patent.

65. L. L. Bean requests a judicial declaration that it neither has infringed, nor is infringing, the ’716 patent.

**FOURTH COUNTERCLAIM**
**[Declaration of Invalidity of the ’716 Patent]**

66. L. L. Bean repeats the allegations of the preceding paragraphs as if set forth in this paragraph.

67. L. L. Bean asserts that the claims of the ’716 patent are invalid and unenforceable under one or more sections of the patent laws, including, without limitation, 35 U.S.C. §§ 101–103 and/or 112.

68. On information and belief, Plaintiff asserts that the claims of the ’716 patent are valid and enforceable.

69. L. L. Bean requests a judicial declaration that the claims of the ’716 patent are invalid and unenforceable.

**FIFTH COUNTERCLAIM**
**[Declaration of Non–Infringement of the ’899 Patent]**

70. L. L. Bean repeats the allegations of the preceding paragraphs as if set forth in this paragraph.

71. Plaintiff has asserted that L. L. Bean has infringed, or is infringing, the ’899 patent.

72. L. L. Bean denies that it has infringed, or is infringing, the ’899 patent.

73. L. L. Bean requests a judicial declaration that it neither has infringed, nor is infringing, the ’899 patent.

## SIXTH COUNTERCLAIM
**[Declaration of Invalidity of the ’899 Patent]**

74. L. L. Bean repeats the allegations of the preceding paragraphs as if set forth in this paragraph.

75. L. L. Bean asserts that the claims of the ’899 patent are invalid and unenforceable under one or more sections of the patent laws, including, without limitation, 35 U.S.C. §§ 101–103 and/or 112.

76. On information and belief, Plaintiff asserts that the claims of the ’899 patent are valid and enforceable.

77. L. L. Bean requests a judicial declaration that the claims of the ’899 patent are invalid and unenforceable.

## JURY DEMAND

78. L. L. Bean demands a jury trial of all issues so triable in this action.

## PRAYER FOR RELIEF

WHEREFORE, L. L. Bean requests that the Court enter judgment on Plaintiff’s complaint that:

A. Plaintiff’s complaint is dismissed in its entirety with prejudice and that Plaintiff takes nothing by its complaint;

B. L. L. Bean has not infringed, and is not infringing, the patents–in–suit;

C. The patents–in–suit are declared invalid and/or unenforceable;

D. L. L. Bean is awarded its costs, disbursements, and attorneys’ fees pursuant to 35 U.S.C. § 285, and other applicable provisions of law; and

E. L. L. Bean is granted such other and further relief as the Court deems just and proper.

ASHBY & GEDDES

*/s/ Andrew C. Mayo*

______________________________

Steven J. Balick (#2114)
Lauren E. Maguire (#4261)
Andrew C. Mayo (#5207)
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, DE 19899
(302) 654-1888
sbalick@ashby-geddes.com
lmaguire@ashby-geddes.com
amayo@ashby-geddes.com

*Attorneys for Defendant*

*Of Counsel:*

Peter J. Brann
David Swetnam–Burland
Stacy O. Stitham
BRANN & ISAACSON
184 Main Street, 4th Floor
Lewiston, ME 04243−3070
Tel: (207) 786−3566

Dated: September 3, 2013