**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| ECLIPSE IP LLC, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 13-1369-SLR |
| | ) | |
| v. | ) | |
| | ) | Jury Trial Demanded |
| L. L. BEAN, INC., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**PLAINTIFF'S ANSWER TO DEFENDANT L. L. BEAN, INC.'S COUNTERCLAIMS**

Plaintiff Eclipse IP LLC ("Eclipse") replies to the counterclaims set forth by Defendant L. L. Bean, Inc. ("L. L. Bean") in L. L. Bean's Answer to Plaintiff's Complaint, Counterclaims, and Jury Demand ("Counterclaim") as follows:

44. The allegations of paragraph 44 are legal conclusions and do not require a responsive pleading. To the extent a response is required, Eclipse does not dispute that the Counterclaim purports to seek a declaratory judgment.

**PARTIES**

45. Eclipse admits the allegations contained in Paragraph 45.

46. Eclipse admits the allegations contained in Paragraph 46.

**JURISDICTION**

47. The allegations of paragraph 47 are legal conclusions and do not require a responsive pleading. To the extent a response is required, Eclipse does not dispute that this Court has personal jurisdiction over it for this action.

48. The allegations of paragraph 48 are legal conclusions and do not require a responsive pleading. To the extent a response is required, Eclipse admits that venue is

proper in this district, but denies that venue properly lies in this judicial action solely by virtue of Eclipse's having filed its Complaint herein.

**THE PATENTS**

49. Eclipse admits the allegations contained in Paragraph 49.

**EXISTENCE OF AN ACTUAL CONTROVERY**

50. Eclipse admits the allegations contained in Paragraph 50.

51. The allegations of paragraph 51 are legal conclusions and do not require a responsive pleading. To the extent a response is required, Eclipse admits L. L. Bean infringes the patents-in-suit, which are presumed to be valid.

52. The allegations of paragraph 51 are legal conclusions and do not require a responsive pleading. To the extent a response is required, Eclipse does not dispute that there is an actual controversy between Eclipse and Defendant regarding L. L. Bean's infringement of the patents-in-suit.

53. Eclipse denies the allegations contained in Paragraph 53.

**FIRST COUNTERCLAIM**
**[Declaration of Non-Infringement of the '414 Patent]**

54. Eclipse incorporates by reference, as though fully set forth herein, its responses set forth above.

55. Eclipse admits the allegations contained in Paragraph 55.

56. Eclipse admits L. L. Bean infringes the '414 patent.

57. Eclipse denies the allegations contained in Paragraph 57.

**SECOND COUNTERCLAIM**
**[Declaration of Invalidity of the '414 Patent]**

58. Eclipse incorporates by reference, as though fully set forth herein, its

responses set forth above.

59. Eclipse admits the '414 patent is valid and enforceable.

60. Eclipse admits the allegations contained in Paragraph 60.

61. Eclipse denies the allegations contained in Paragraph 61.

**THIRD COUNTERCLAIM**
**[Declaration of Non-Infringement of the '716 Patent]**

62. Eclipse incorporates by reference, as though fully set forth herein, its responses set forth above.

63. Eclipse admits the allegations contained in Paragraph 63.

64. Eclipse admits L. L. Bean infringes the '716 patent.

65. Eclipse denies the allegations contained in Paragraph 57.

**FOURTH COUNTERCLAIM**
**[Declaration of Invalidity of the '716 Patent]**

66. Eclipse incorporates by reference, as though fully set forth herein, its responses set forth above.

67. Eclipse admits the '716 patent is valid and enforceable.

68. Eclipse admits the allegations contained in Paragraph 68.

69. Eclipse denies the allegations contained in Paragraph 69.

**FIFTH COUNTERCLAIM**
**[Declaration of Non-Infringement of the '899 Patent]**

70. Eclipse incorporates by reference, as though fully set forth herein, its responses set forth above.

71. Eclipse admits the allegations contained in Paragraph 71.

72. Eclipse admits L. L. Bean infringes the '899 patent.

73. Eclipse denies the allegations contained in Paragraph 57.

**SIXTH COUNTERCLAIM**
**[Declaration of Invalidity of the '899 Patent]**

74. Eclipse incorporates by reference, as though fully set forth herein, its responses set forth above.

75. Eclipse admits the '899 patent is valid and enforceable.

76. Eclipse admits the allegations contained in Paragraph 76.

77. Eclipse denies the allegations contained in Paragraph 77.

**JURY DEMAND**

78. To the extent a response is required, Eclipse does not dispute that the Counterclaim purports to seek a trial by jury. Eclipse repeats its demand for a trial by jury on all issues so triable.

**GENERAL DENIAL**

Eclipse denies each and every allegation of the Counterclaim that is not expressly admitted or to which Eclipse has not specifically responded.

**AFFIRMATIVE DEFENSES**

By way of further answer, as Affirmative Defenses to L. L. Bean's Counterclaim, and without assuming any burden that it would not otherwise have, Eclipse states as follows:

**FIRST AFFIRMATIVE DEFENSE**

L. L. Bean's Counterclaim fails to state a claim upon which relief can be granted.

**SECOND AFFIRMATIVE DEFENSE**

Eclipse expressly reserves the right to assert any other legal or equitable defenses to which it is entitled.

**PRAYER FOR RELIEF**

WHEREFORE, Eclipse denies L. L. Bean is entitled to any judgment or relief in its favor, including the relief sought in the Prayer for Relief in L. L. Bean's Counterclaim, and Eclipse requests entry of judgment against Defendant as follows:

a. Dismiss L. L. Bean's Counterclaim in its entirety;

b. Grant the relief sought in L. L. Bean's Complaint;

c. Grant the case be declared exceptional pursuant to 35 U.S.C. § 285 and that Eclipse shall recover from L. L. Bean all of CDD's reasonable expenses, including costs and attorneys' fees incurred in defending against L. L. Bean's Counterclaim; and

d. Grant to Eclipse such other relief as the Court may deem just and proper.

Dated: October 11, 2013

STAMOULIS & WEINBLATT LLC

*/s/ Richard C. Weinblatt*
Stamatios Stamoulis #4606
stamoulis@swdelaw.com
Richard C. Weinblatt #5080
weinblatt@swdelaw.com
Two Fox Point Centre
6 Denny Road, Suite 307
Wilmington, DE 19809
Telephone: (302) 999-1540

*Attorneys for Plaintiff*
*Eclipse IP LLC*

**CERTIFICATE OF SERVICE**

I hereby certify that on October 11, 2013, I electronically filed the above document(s) with the Clerk of Court using CM/ECF which will send electronic notification of such filing(s) to all registered counsel.

*/s/ Richard C. Weinblatt*
Richard C. Weinblatt #5080